UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JEREMY L. BURRELL, 383328,
    Petitioner,
vs.

THOMAS MACKIE,
    Respondent.
_____/

No. 2:14-cv-103
Hon R. Allan Edgar
United States District Judge

## OPINION AND ORDER

Petitioner Jeremy Burrell is incarcerated at the Baraga Maximum Correctional Facility (AMF). Petitioner is challenging his August 10, 2007, jury convictions for assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. The Michigan Court of Appeals denied Petitioner's appeal on March 17, 2009, as did the Michigan Supreme Court on September 11, 2009. Petitioner filed a motion for relief from judgment on September 10, 2010, which the state trial court denied on September 30, 2011. Petitioner's subsequent appeal was denied by the Michigan Court of Appeals on September 5, 2012, and by the Michigan Supreme Court on April 29, 2013. Petitioner took no further action until he filed his habeas corpus application on or about April 29, 2014.[1]

On May 26, 2015, Respondent Thomas Mackie filed a motion for summary judgement, arguing that Petitioner's application is barred by the one-year statute of limitations. Docket #14. Petitioner has not responded to this motion. After reviewing the motion and amended petition, this Court concludes that Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

---

[1] For purposes of this opinion, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

1

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's amended petition, he appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 11, 2009. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, the ninety-day period expired on December 11, 2009, which is when the one-year limitations period started to run.

On September 14, 2010, Petitioner signed his motion for relief from judgment, which started to toll the one-year limit. When Petitioner signed his motion for relief, he used 277 days, leaving him with eighty-eight days to file his petition after tolling stops.   Tolling stopped on April 29, 2013, when the Michigan Supreme Court denied Petitioner's delay application for leave to appeal Petitioner's motion for reconsideration.   Plaintiff had until July 26, 2013, to file his petition for habeas relief.   However, Petitioner took no further action to challenge the above convictions until he filed the instant habeas corpus action on April 29, 2014, well after the limitations period expired.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210.   Petitioner had fair notice and an adequate opportunity to respond to this motion. The Court reviewed the amended complaint and attachments, and concludes that Petitioner failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v .Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining

3

the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner fails to provide evidence that he is actually innocent. *Schlup*, 513 U.S. at 329. Therefore, Petitioner is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

## CONCLUSION

In summary, the Court finds that Petitioner's habeas petition is time-barred and will be dismissed with prejudice.   In addition, if Petitioner should choose to appeal this action, the Court must determine whether a certificate of appealability should be granted.   A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug.27, 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).   Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484.   The Court concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.   This Court **DENIES** Petitioner a certificate of appealability as to each of the issues presented in this petition.

For the same reasons that the Court has dismissed this action, the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal by petitioner from the Court's decision and judgment would be frivolous and not taken in good faith.   Therefore, any application by Petitioner for leave to proceed in forma pauperis on appeal is hereby **DENIED**.

Petitioner's request for post-conviction relief pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED WITH PREJUDICE**.   Docket #5.   A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED.**

Dated:          10/9/2015                    */s/ R. Allan Edgar*
                                             R. Allan Edgar
                                             United States District Court Judge

4